UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TORRANCE VERNARD BOYD, SR.** | : | **CIVIL ACTION NO. 2:15-cv-1964** |
| B.O.P. #11229-017 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BECKY CLAY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241[1] by petitioner Torrance V. Boyd, Sr. (hereinafter "Boyd"), an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

In August 2005 Boyd was sentenced in the United States District Court for the Middle District of Florida to 180 months imprisonment, following his guilty plea on drug-related charges. Doc. 1, p. 2; Doc. 1, att. 2, p. 4. In January 2007 he was sentenced in the Northern District of

---

[1] **Error! Main Document Only.**Title 28 U.S.C. §2241(c)(3) provides, in pertinent part, "The writ of *habeas corpus* shall not extend to a prisoner unless – He is in custody in violation of the Constitution or laws or treaties of the United States . . . ."

- 1 -

Florida to a five year term of imprisonment for violating the conditions of supervised release. Doc. 1, att. 2, p. 4. The sentencing judge in the Northern District of Florida ordered the five year term to run consecutively to the 180 month term imposed in the Middle District of Florida. *Id.*

Boyd filed the instant *habeas* petition in this court,[2] claiming that the Bureau of Prisons deprived him of sixty months of credit pursuant to 18 U.S.C. § 3584(c) in violation of the United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3(c). Doc. 1, p. 5. In support of his contention he relies on *Setser v. United States*, 132 S. Ct. 1463 (2012).

## II.
### LAW AND ANALYSIS

### A. *Setser v. United States*

Boyd claims that his federal sentences should have been ordered to run concurrently. His reliance on *Setser* in support of this contention is misplaced. In *Setser* the Court held that a district court has discretion to order that a federal sentence run consecutively or concurrently to an anticipated **state** sentence. *Setser v. United States*, 132 S. Ct. at 1473. Such is not the case in the present matter, where two federal sentences are considered. Thus *Setser* does not provide Boyd with a basis for relief.

### B. Arguments under 18 U.S.C.A. § 3584 and U.S.S.G. § 5G1.3

---

[2] "Section 2241 [of Title 28] is the proper procedural vehicle if a prisoner challenges the execution of his sentence rather than the validity of his conviction and sentence." *Gallegos–Hernandez v. United States,* 688 F.3d 190, 194 (5th Cir. 2012) (internal quotation marks and citation omitted). As a § 2241 petition must be filed in the district where the prisoner is held, *see* § 2241(a), and as Boyd is incarcerated within the Western District of Louisiana, this court has jurisdiction to entertain this claim seeking a sentence credit.

Boyd claims that the Bureau of Prisons used 18 U.S.C.A. § 3584(c) as the basis for depriving him of credit in the manner specified in U.S.S.G § 5G1.3(c). The relied upon portion of 18 U.S.C.A. § 3584 provides:

> **§ 3584. Multiple sentences of imprisonment**
>
> **(c) Treatment of multiple sentence as an aggregate.**--Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

In accordance with 18 U.S.C.A. § 3584(c), Boyd's consecutive sentences were aggregated to form a single aggregate term of 20 years, commencing on August 25, 2005. Doc. 1, att. 2, p. 7. Boyd claims that this application wrongfully denied him sixty months of credit due to him pursuant to U.S.S.G § 5G1.3(c), which provides:

> **§ 5G1.3. Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment**
>
> **(c)** If subsection (a) does not apply,[3] and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

As with *Setser*, Boyd's reliance on the above is misplaced. Boyd cites to the commentary note to U.S.S.G § 5G1.3(c) in support of his contention that U.S.S.G § 5G1.3(c) is the "rule of law" in regard to his term of imprisonment [doc. 1, pp. 4–5]. The note states:

---

[3] Subsection (a) states: If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

> **3. Application of Subsection (c).--**Subsection (c) applies to cases in which the federal court anticipates that, after the federal sentence is imposed, the defendant will be sentenced in state court and serve a state sentence before being transferred to federal custody for federal imprisonment. In such a case, where the other offense is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

Rather than support Boyd's contention, this commentary makes the inapplicability of U.S.S.G § 5G1.3(c) to his case very clear. There simply are not state sentences involved in the present matter, and there is no indication that his consecutive sentences were improper under federal law.

### III.
### CONCLUSION

Boyd has not shown that his custody is in violation of the Constitution or laws or treaties of the United States and he is not entitled to *habeas* relief.

Accordingly,

**IT IS RECOMMENDED** that the application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DENIED and DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal**

**Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 14th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE